IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| SAMUEL G. DORSEY, | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 3:11-0111 |
| | ) | |
| METROPOLITAN GOVERNMENT FOR | ) | |
| NASHVILLE & DAVIDSON COUNTY and | ) | |
| SHERIFF'S DEPARTMENT, DAVIDSON | ) | |
| COUNTY | ) | |

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order entered March 3, 2011 (Docket Entry No. 5), this prisoner civil rights action was referred to the Magistrate Judge for a frivolity review under 28 U.S.C. § 1915(e)(2)(B), and for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1)(A) and (B), and to conduct any necessary proceedings under Rule 72(b) of the Federal Rules of Civil Procedure.[1]

---

[1] By Order entered February 25, 2011 (Docket Entry No. 3), the Honorable William J. Haynes, Jr., granted the plaintiff's application to proceed in forma pauperis and transferred the instant action to the Honorable Aleta A. Trauger as a related case to civil action No. 3:10-0887, Dorsey v. Davidson County Sheriff's Office. While the plaintiff in both the instant case and case No. 3:10-0887 names the Davidson County Sheriff's Office

This action was filed pro se and in forma pauperis on February 4, 2011, by a pre-trial detainee confined at the Davidson County Criminal Justice Center ("CJC"). He seeks compensatory damages for pain, suffering, and mental anguish, as well as injunctive relief, under 42 U.S.C. § 1983 based on allegations that his constitutional rights have been violated at the CJC. Named as defendants are the Metropolitan Government of Nashville and Davidson County, Tennessee and the Davidson County Sheriff's Office. According to the plaintiff, since December 15, 2010, he has been "disturbed out of my sleep" every night because of noise made by another inmate in his housing pod who the plaintiff alleges is mentally ill and hits himself in the head during the night. The plaintiff asserts that he has complained to prison officials at the CJC but that officials have not remedied the situation. The plaintiff contends that the defendants fail to separate mentally ill inmates from other inmates, fail to provide proper treatment, care, and space for mentally ill inmates, and fail to train prison staff to deal with mentally ill inmates and pre-trial detainees.

Pro se complaints are to be construed liberally by the Court. See Boag v. McDougall, 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982). However, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint brought by a plaintiff proceeding in forma pauperis "at any time the court determines" that the complaint is frivolous,

---

as a defendant and while both cases involve events that occurred at the Davidson County Criminal Justice Center, the two cases involve different factual allegations of wrongdoing.

malicious, or fails to state a claim on which relief may be granted. For two reasons, the plaintiff's action warrants dismissal under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

First, the plaintiff fails to set forth a cognizable claim for damages. The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Even though the physical injury required by 42 U.S.C. § 1997e(e) for a Section 1983 claim need not be significant, it must be more than de minimis for a claim to go forward. Flanory v. Bonn, 604 F.3d 249, 254 (6th Cir. 2010). The plaintiff seeks damages to compensate him for emotional anguish, embarrassment, humiliation, and pain and suffering he alleges that he suffered because of the difficulty he experienced sleeping at the CJC. However, he fails to set forth any facts showing that he suffered an actual physical injury because of the alleged wrongdoings. Accordingly, his claims for damages must be dismissed under Section 1997e(e). See Harden-Bey v. Rutter, 524 F.3d 789, 795 (6th Cir. 2008).

Second, the plaintiff's complaint about not being able to soundly sleep because of noise made by other inmates simply fails to rise to the level of constitutional magnitude.

To satisfy the objective prong of any Eighth Amendment[2] conditions of confinement claim, "extreme deprivations are required," Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992), and only grave deprivations of the civilized measure of life's necessities constitute cruel and unusual punishment. Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); Hadix v. Johnson, 367 F.3d 513, 525 (6th Cir. 2004). At best, the plaintiff has complained about harsh or uncomfortable living conditions, which are not sufficient to support a constitutional claim. Rhodes, 452 U.S. 349; Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987).[3]

## RECOMMENDATION

For the reasons set out above, the Court RECOMMENDS this action be DISMISSED for failure to state a claim under 28 U.S.C. § 1915(e)(2). Such dismissal should count as a strike for the purposes of 28 U.S.C. § 1915(g).

---

[2] The Eighth Amendment's prohibition against cruel and unusual punishment applies to pretrial detainees through the Due Process Clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 & n.16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); Roberts v. City of Troy, 773 F.2d 720, 723 (6th Cir. 1985). As such, claims brought by pretrial detainees challenging conditions of confinement are analyzed using Eighth Amendment standards. See Spencer v. Bouchard, 449 F.3d 721, 777 (6th Cir. 2006); Thompson v. County of Medina, 29 F.3d 238, 242 (6th Cir. 1994).

[3] The plaintiff does not allege that he himself is mentally ill and has been denied medical adequate treatment or that he suffered any type of harm because of interaction with mentally ill inmates other than a difficulty sleeping.

4

Because the plaintiff's action warrants dismissal under 28 U.S.C. § 1915(e)(2), the Court RECOMMENDS that any appeal taken of this Report and Recommendation, if adopted by the Court, would not be in good faith under 28 U.S.C. § 1915(a)(3).

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge